IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ALONZO BATTLE,                              )
                                            )
       Plaintiff,                           )
                                            )
v.                                          )   CV 107-165
                                            )
OFFICER DYE #109, Police Officer Night      )
Shift, Thomson Police Department; MRS.      )
HONDA, Jailer, Thomson Police               )
Department; and MARCUS REYNOLDS,            )
Jailer, Thomson Police Department,          )
                                            )
       Defendants.                          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate detained at the McDuffie County Jail located in Thomson, Georgia when this action commenced, filed the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 30, 2008, the Court denied Plaintiff's motion to proceed IFP without prejudice and directed Plaintiff to submit a new motion to proceed IFP and supporting affidavit. (Doc. no. 3). Plaintiff was cautioned that failure to respond would result in the recommendation of dismissal of Plaintiff's case without prejudice. (Id. at 2). In response, Plaintiff requested an extension of time to comply with the Court's January 30, 2008 Order. (Doc. no. 4).

On March 17, 2008, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's January 30, 2008 Order. (Doc. no. 5). Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.). The time to respond has passed, and

Plaintiff has neither submitted the documents required by the Court's January 30, 2008 Order, nor provided the Court with any explanation why he has not complied, nor paid the $350.00 filing fee in this case.

Moreover, Plaintiff's service copy of the Court's March 17, 2008 Order was returned as "Undeliverable." Thus, in addition to failing to return the necessary IFP papers or to pay the filing fee, Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with multiple Court Orders, or even to provide the Court with a valid address, amounts not

only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff has sought to proceed IFP in the above-captioned matter, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, nor notified the Court of a change of address, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 21st day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE